UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NECTARIOS ARISTIDOU, et al.*,*

               Plaintiffs,              **MEMORANDUM AND ORDER**
                                     18-CV-4040 (RPK) (RER)
    -against-

AVIATION PORT SERVICES, LLC, et al.,

               Defendants.
-------------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

      Plaintiffs are eight former employees of defendant Aviation Port Services, LLC ("APS").

They are suing APS, along with its chief executive officer and executive vice president, under the

Fair Labor Standards Act and the New York Labor Laws. Over the course of this litigation,

defendants failed to produce discovery and violated many court orders. Plaintiffs, in turn, moved

for sanctions. *See* Pls.' Sept. 9, 2019 Ltr. to J. Brodie (Dkt. #55); Pls.' Sept. 30, 2019 Ltr. to

J. Brodie (Dkt. #56). Plaintiffs have requested that the court strike the answer and enter default

against defendants, among other relief. Plaintiffs' motions were referred to Magistrate Judge

Reyes for a report and recommendation ("R. & R."). Judge Reyes has issued an R. & R. (Dkt. #78)

that recommends granting plaintiffs' motion to strike the answer and enter default. Judge Reyes

also recommends awarding plaintiffs reasonable expenses incurred because of defendants'

misconduct. As described below, I adopt Judge Reyes's recommendation that plaintiffs' motion

to strike the answer be granted; that default be entered; and that plaintiffs be awarded reasonable

expenses, based on the factual findings discussed in this Memorandum and Order.

1

# BACKGROUND

I assume familiarity with the underlying facts and procedural history, *see* R. &. R. at 2-17, which I describe here only as needed to address defendants' R. & R. objections.

## I.   Factual Background

The R&R chronicles instances of misconduct by defendants that have not been meaningfully controverted.

**Written Discovery.**  At a conference held on May 22, 2019, plaintiffs claimed they had not received certain written discovery that had been due more than two months earlier. *See* May 22, 2019 Hr'g Tr. at 2-7 (Dkt. #48); *see also* Mar. 6, 2019 Minute Entry.  The missing documents included Rule 26(a)(1) disclosures and written responses to plaintiffs' document requests and interrogatories.  *See* May 22, 2019 Hr'g Tr. at 2-3; Summary Order at 2 (July 25, 2019) (Dkt #52).  Defendants insisted that they had already served all of those documents on plaintiffs.  *Id.* at 5-6.  To support that contention, defendants produced in court a copy of their written responses to plaintiffs' document requests—which plaintiffs claimed never to have seen before—and a certificate of service for those responses.  *Id.* at 6-7.  But defendants did not have on hand copies of the other missing documents or the corresponding proofs of service.  *See id.* at 15.  To resolve the dispute over whether defendants had in fact served the missing documents, Judge Reyes ordered defendants to "show proof of service" by May 23, 2019.   Minute Entry and Order (May 22, 2019).  Defendants failed to comply with that order, leading Judge Reyes to conclude that defendants had lied at the May 22 conference about serving the missing documents. *See* Summary Order at 2-3 (July 25, 2019).

**Bank Statements.**   Plaintiffs repeatedly requested discovery of defendants' bank statements.  *See, e.g.*, Pls.' June 25, 2019 Ltr. to M.J. Reyes at 3 (Dkt. #50); Pls.' Aug. 2, 2019 Ltr.

to M.J. Reyes at ¶¶ 2, 13. Judge Reyes not only ordered defendants to produce those bank statements by the close of discovery, but also ruled that defendants had waived all non-privilege-based objections. *See, e.g.*, Order (Aug. 2, 2019). Defendants did not produce the bank statements until more than a month after the close of discovery, *compare ibid. with* Decl. of Moira Brennan in Opp'n to Pls.' Mot. to Strike ("Opp'n to Mot. to Strike") at ¶ 26 (Dkt. # 67), and only after Judge Reyes reprimanded them in court, *see* Oct. 10, 2019 Hr'g Tr. at 15-17 (Dkt. #64). Defendants attempt to justify their failure to timely produce the bank statements by pointing to an exchange with Judge Reyes at the May 22 conference. *See* Defs.' Obj. to R. & R. ("Defs.' Obj.") at 14-16 (Dkt. #84). At that conference, defense counsel stated that defendants were "not producing the bank accounts [or] the tax records" and Judge Reyes responded "okay." May 22, 2019 Hr'g Tr. at 11. But that exchange cannot excuse defendants' failure, because several months later Judge Reyes directed defendants to produce the bank statements and ruled that all of defendants' non-privilege-based objections had been waived. *See* Order (Aug. 2, 2019).

**Personal Jurisdiction Documents.** Throughout the litigation, the individual defendants have maintained that they are not subject to personal jurisdiction in New York. *See* Answer at 25 (Dkt. #37). To address this argument, plaintiffs have long sought documents concerning the individual defendants' contacts with the State such as "documents concerning visits to New York." Pappas Decl. Responding to Defs.' Discovery Submission at ¶ 194 (Dkt. #69). Judge Reyes concluded that defendants' responses to this discovery request were deficient. *See* R. & R. at 15-16. Among other things, Judge Reyes stated that he reviewed the files submitted by plaintiffs and could not find "any . . . responsive information." *Id.* at 16. Judge Reyes faulted defendants for "direct[ly] contravening]" his order to identify "the specific emails that contain the information concerning [the individual defendants'] travel to New York, or anything else concerning whether

3

they are subject to personal jurisdiction in New York." *Ibid.* Judge Reyes also determined that it is "simply beyond belief that APS has no other documents whatsoever concerning [the individual defendants'] admitted business travel to New York [because] such documents are relevant to APS's financial accounting and tax reporting." *Ibid.* In response, defendants do not contest that they failed to identify specific emails concerning travel to New York. *See* Defs.' Obj. at 55-56; Defs.' Obj. Reply to R. & R. at 11 (Dkt. #88). Although defendants continue to insist that they produced "some documents related to [their] travel to JFK," they do not identify those documents in their objection briefing. Defs.' Obj. at 55. Finally, defendants do not rebut Judge Reyes's finding that the travel documents likely exist because they are relevant to accounting and tax reporting. *See* R. & R. at 16.

**Affidavit on Defendants' Discovery Obligations.** In October 2019, Judge Reyes told defendants he was "prepared to recommend to Judge Brodie that she strike the defendants' answer, that she enter default against the defendants, corporate and individual, and that the case proceed immediately to an inquest on damages." Oct. 10, 2019 Hr'g Tr. at 30. Before doing so, however, Judge Reyes told defendants that he would give them one last opportunity to demonstrate they had complied with their discovery obligations. *See id.* at 30-32. Judge Reyes ordered defendants to submit an affidavit from an APS representative identifying the specific documents, by number, that had been produced in response to discovery requests issued by plaintiffs in August. *See ibid.* Defendants ultimately submitted declarations along with copies of the documents produced during discovery, *see* Opp'n to Mot. to Strike; Defs.' Supplemental Discovery Declaration (Dkt. #68), but they did so only after the deadline set by Judge Reyes. And contrary to Judge Reyes's order, the declarations were from APS's counsel rather than from an APS representative with knowledge of the document production. *See* Opp'n to Mot. to Strike; Defs.' Supplemental Discovery

Declaration; R. & R. at 11 n.12.  Thus, Judge Reyes was not given an affidavit from someone with first-hand knowledge about what documents were in defendants' possession and had been produced.

## II.     Procedural Background

Based on the examples described above and other examples of defendants' misconduct, Judge Reyes has recommended that plaintiffs' motion to strike the answer and enter default be granted.  *See* R. & R. at 26.  Judge Reyes has also recommended that defendants and their counsel be ordered to pay the reasonable expenses, including attorney's fees, associated with plaintiffs' multiple motions to compel and to strike.  *See ibid.*

Although defendants have objected to the R. & R., they violated multiple court orders in doing so.  Their objections were filed a day late, even though they had been granted three extensions and were warned that "[a]ny further extension [was] extremely unlikely."  Order (Apr. 23, 2020).  Defendants also failed to comply with the 25-page limit for memoranda of law under my Individual Rules by filing a 57-page brief.  *Compare* J. Kovner Indiv. Rule IV.C *with* Defs.' Obj.

Defendants object to numerous factual findings in the R. & R.  Generally speaking, they argue that plaintiffs "have not yet shown that certain documents they claim have not been produced do in fact exist."  Defs.' Obj. at 2.  Defendants therefore believe it is premature for the court "to assess whether a drastic remedy striking the answer is warranted."  *Ibid.*

## LEGAL STANDARD

## I.     Review of a Magistrate Judge's Report and Recommendation

If a party timely objects to a magistrate judge's recommendation on a dispositive issue, the district court must "determine de novo" those parts of the ruling that have been "properly objected

to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).  That said, statements that "simply reiterate previous arguments or make only conclusory" points do not suffice as objections. *Fischer v. Forrest*, 286 F. Supp. 3d 590, 601 (S.D.N.Y. 2018) (citations omitted); *see Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection . . . .").  Those parts of an R. & R. that are uncontested or are not properly objected to may be reviewed, at most, for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted); *see Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).  Clear error will only be found if after reviewing the entire record, the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015).

A district court "will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019); *see, e.g.*, *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020); 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3070.2 (3d ed. 2021).  Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020); *see, e.g.*, *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990).

## II.   Rule 37 Sanctions

Rule 37 of the Federal Rules of Civil Procedure permits a court to sanction a party who deliberately fails to comply with a discovery order.  Fed. R. Civ. P. 37(b)(2)(A).  Rule 37 lists

seven possible sanctions, including "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Factors that bear on a court's exercise of discretion in imposing and selecting a sanction under Rule 37 include "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (ellipses omitted). "Because the text of the rule requires only that the district court's orders be 'just,' however, and because the district court has wide discretion in imposing sanctions under Rule 37, these factors are not exclusive, and they need not each be resolved against the party" opposing the sanctions. *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (internal quotation marks and citation omitted).

Once a court determines that sanctions are appropriate under Rule 37, the Court is generally obligated to order the disobedient party, its attorney, or both to pay "the reasonable expenses, including attorney's fees, caused by the failure" to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(C); *see John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.*, 845 F.2d 1172, 1177 (2d Cir. 1988); *Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc.*, 295 F.R.D. 1, 17 (E.D.N.Y. 2013). The Court may refrain from awarding reasonable expenses, though, if it finds either that the disobedient party's actions were "substantially justified or that other circumstances make awarding of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## DISCUSSION

Defendants object to Judge Reyes's recommendation that I strike the answer, enter default against defendants, and award plaintiffs reasonable expenses. Defendants' objections were filed late, in a document that is more than twice as long as permitted under my Individual Rules.

7

Nevertheless, I have considered defendants' objections for the purpose of assessing whether Judge Reyes erred in recommending the sanctions that defendants challenge. I conclude that even if defendants' belated and overlong factual objections were accepted, the portions of the R. & R. that are not meaningfully controverted fully justify the sanctions recommended by Judge Reyes. *See Agiwal*, 555 F.3d at 302. I therefore adopt Judge Reyes' recommendations based on the factual findings discussed in this Memorandum and Order.

First, extensive evidence demonstrates that defendants have willfully failed to comply with their discovery obligations. *See ibid.* For instance, there is no question that defendants flouted Judge Reyes's order to submit an affidavit from an APS representative with knowledge of the document production—even though they knew Judge Reyes was considering whether to recommend striking their answer. *Compare* Oct. 10, 2019 Hr'g Tr. at 30-32 *with* Opp'n to Mot. to Strike; Defs.' Supplemental Discovery Declaration. Likewise, defendants failed to produce bank statements, in violation of Judge Reyes's clear instructions, until after the close of discovery. *Compare* Order (Aug. 2, 2019) *with* Opp'n to Mot. to Strike at ¶ 26. Defendants also failed to produce documents related to their jurisdictional defense. *See* R. & R. at 15-16. And of particular concern, the record indicates that defendants lied to plaintiffs and the Court about producing (i) written responses to document requests and interrogatories, (ii) Rule 26(a)(1) disclosures, and (iii) written discovery requests from defendants. *See* Summary Order at 2-3 (July 25, 2019). These examples of misconduct alone demonstrate willfulness. *See Agiwal*, 555 F.3d at 302.

Second, the record makes clear that lesser sanctions, including the threat of terminating sanctions, have been ineffective in compelling defendants to comply with their discovery obligations. *See ibid.* Judge Reyes's repeated admonitions to defendants did not lead to compliance. *See, e.g.*, Order (Aug. 2, 2019); Oct 10, 2019 Hr'g Tr. 30-32; R. & R. at 11 n.12.

"Especially in light of repeated warnings to defendants[,] . . . at a certain point, if a court does not eventually follow through on its warnings, it risks undermining its ability to control current and future would-be wayward litigants." *Local Union No. 40 of the Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015); *see Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of New York*, 86 F. App'x 441, 444 (2d Cir. 2004) ("This Court has noted that were it 'to adopt a position that overly inhibits the imposition of the harsher sanctions authorized by Rule 37, [it] would turn the rule into a 'paper tiger.'" (quoting *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989)). The record amply supports the conclusion that lesser measures were ineffective in compelling defendants to comply with discovery orders. *See Agiwal*, 555 F.3d at 302.

Third, the duration of defendants' noncompliance supports the sanctions that Judge Reyes imposed. *Ibid.* A period of noncompliance as brief as a few months has been held to weigh in favor of dispositive sanctions. *See, e.g.*, *Embuscado v. DC Comics,* 347 F. App'x 700, 701 (2d Cir. 2009) (three months); *Leibovitz v. City of New York*, No. 14-CV-3297, 2017 WL 1314122, at *4 (S.D.N.Y. Apr. 6, 2017) (four months), *report and recommendation adopted*, 2017 WL 3433608 (S.D.N.Y. Aug. 10, 2017); *see also Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) ("[A] pattern of dilatory tactics . . . consist[ing], for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers . . . may warrant dismissal after merely a matter of months."); *Yadav v. Brookhaven Nat. Lab'y*, 487 F. App'x 671, 673 (2d Cir. 2012) (affirming dismissal for failure to prosecute under Rule 41 after plaintiff failed to respond to discovery requests for three months). Even assuming that defendants eventually produced all required documents, the record establishes that defendants' conduct caused many months of delay. For instance, defendants served various types of written discovery more than

9

two months after the deadline imposed by Judge Reyes.  *See* Summary Order at 2-3 (July 25, 2019).  Defendants also failed to produce bank statements until more than a month after the close of discovery.  *See* Opp'n to Mot. to Strike at ¶ 25.  Thus, the duration of defendants' noncompliance counsels in favor of dispositive sanctions regardless of whether defendants ultimately met their discovery burden.  *See Agiwal*, 555 F.3d at 302-03.

Finally, defendants were "warned of the consequences of noncompliance" before Judge Reyes recommended the sanctions at issue here.  *Ibid.* (ellipses omitted).  Judge Reyes cautioned defendants at least twice that sanctions—including striking the answer and entering default—could be imposed if they failed to comply with their discovery obligations and the Court's orders. *See* Order (Aug 2, 2019); Oct. 10, 2019 Hr'g Tr. at 30-45.  Despite those warnings, defendants continued to flout their discovery obligations and Judge Reyes's orders.  Therefore, the fourth *Agiwal* factor favors case-dispositive sanctions.  *See Agiwal*, 555 F.3d at 302.

\* \* \*

In sum, even relying only on the factual findings described above—to which defendants have not raised any meaningful objection—I agree with Judge Reyes that all four *Agiwal* factors weigh in favor of striking defendants' answer and entering default judgment against them.  I also agree with Judge Reyes that Rule 37 mandates an award to plaintiffs of reasonable expenses because defendants have not shown either that their actions were "substantially justified or that other circumstances make awarding of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

## CONCLUSION

Judge Reyes's R. & R. is adopted as described above.  The Clerk of Court is respectfully directed to strike defendants' answer, to enter default judgment against defendants on liability, and to terminate the motions pending at docket numbers 55, 56, and 72.

Plaintiffs' case against defendants will now proceed to a damages inquest. That damages inquest is respectfully referred to Judge Reyes for a report and recommendation.

Additionally, plaintiffs' counsel is directed to submit a detailed list of fees and expenses which he contends were incurred unnecessarily as a result of defendants' conduct, including but not limited to the costs and fees expended in having to file and attend conferences and hearings held to adjudicate the numerous motions to compel and for sanctions. The parties are directed to confer in order to reach an agreement regarding the amount of the award of fees and expenses and to seek intervention from Judge Reyes if they should be unable to resolve the total amount within fourteen days of the issuance of this Order.

SO ORDERED.

*Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated:  June 17, 2021
        Brooklyn, New York

11